# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLESTOWN TOWNSHIP | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES SURETY COMPANY | : | No. 17-5469 |

## MEMORANDUM

**DITTER, J.**                                                                                                                 **May 2, 2018**

Plaintiff Charlestown Township alleges a breach of contract against Defendant United States Surety Company ("USSC") for its failure to comply with contractual terms related to a construction project. In addition to its breach of contract claims, Plaintiff seeks declaratory judgment and damages pursuant to Pennsylvania's bad faith statute, 42 Pa.C.S.A. § 8371. Before me is Defendant's motion to dismiss Plaintiff's bad faith claim alone. For the reasons discussed, Defendant's motion will be granted.

## I.    FACTS AND PROCEDURAL BACKGROUND [1]

On August 15, 2015, Charlestown Township contracted with Out of Site Infrastructure, Inc., to perform work at the project in Phoenixville, Pennsylvania. *See* Compl. at ¶ 7. In connection with the construction contract, USSC as surety executed a Performance Bond and Payment Bond, each in the amount of $1,143,000. *Id.* at ¶ 8. The construction contract specified that the contractor was to complete work on the project no later than May 13, 2016. *Id.* at ¶ 9. On May 24, 2016, the township issued a letter

---

[1] When reviewing a motion to dismiss, I must accept as true the factual allegations contained in the complaint and all reasonable inferences drawn therefrom and view the facts in the light most favorable to the plaintiff.

declaring the contractor in default and terminating the contractor's employment. *Id.* at ¶ 10.

At a pre-termination conference, USSC proposed a recovery plan consisting of immediate advance payment by the township and a further schedule extension. *See* Compl. at ¶ ¶ 11-13. The township rejected this plan and demanded that USSC take over and complete all required work on the project. *Id.* at ¶ 15. USSC agreed to perform and complete the construction contract under the condition that USSC and the township complete a "Takeover Agreement." *Id.* at ¶ ¶ 17-19.

The takeover agreement was signed on August 29, 2016, and set forth a schedule for the completion of the remaining work and a schedule for payment by the Township to USSC for the work as completed. *See* Compl. at ¶ 21 and Ex. "A."

As of December 1, 2016, the township's design professionals compiled an inspection report regarding the status of the work and submitted a letter advising USSC's contractor of a punch list of items to be completed. *See* Compl. at ¶ ¶ 29-31.

On December 3, 2016, USSC's contractor provided a response to the punch list "in some cases reporting that items were complete, in other cases reporting the items would be addressed on unspecified future dates, and on other items noting that they would not be completed because they purportedly were not required by the takeover agreement or that a particular subcontractor would address those items with the Township directly." *See* Compl. at ¶ 32. The township alleges this response was in direct violation of the

construction contract. *Id.* at ¶ 33.

On December 23, 2016, USSC's construction manager submitted a report indicating the work was 100% complete and requesting payment. *See* Compl. at ¶ 25. The township alleges that USSC has failed to satisfactorily complete the work required by the takeover agreement and rejected the request for payment. *Id.* at ¶¶ 24, 35.

By letter dated January 23, 2017, the township advised USSC that the project was still not complete and that back charges were due to the township under the takeover agreement and construction contract. *See* Compl. at ¶ 37. Over the next 9 months, the parties corresponded regarding construction progress and alleged inadequacies. *Id.* at ¶¶ 38-51.

On September 12, 2017, USSC once again reported that work had been completed and requested payment in full. *See* Compl. at ¶ 50. On September 19, 2017, the township advised USSC that the project remained incomplete. *Id.* at ¶ 51. This suit was commenced on November 17, 2017.[2]

## II. DISCUSSION

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) only requires "a short and plain statement of the claim showing that the pleader is entitled to relief;" however, the Supreme Court has stated that there must be "enough facts to state a claim

---

[2] This case was originally filed in the Chester County Court of Common Pleas, but was removed to this court on December 5, 2017.

3

to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Pennsylvania bad faith statute states provides for remedies "[i]n an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured." 42 Pa. Cons. Stat. Ann. § 8371. Defendants argue that a bad faith claim cannot be maintained against a surety because a surety bond does not constitute an insurance policy under Pennsylvania law. *See Upper Pottsgrove Tp. v. International Fidelity Ins. Co.*, 976 F.Supp.2d 598 (E.D. Pa. 2013); *Ferrick Const. Co. v. One Beacon Ins. Co.*, 2004 WL 3051443 (Pa.Com.Pl. 2004).

Plaintiff's counter that the takeover agreement between USSC and the township establishes a direct contractual relationship which distinguishes it from the general principal that surety bonds are not subject to bad faith claims.[3] Despite Plaintiff's arguments to the contrary, I conclude that the takeover agreement fails to convert USSC into an insurer who would be subject to a bad faith claim under 42 Pa. Cons. Stat. Ann. § 8371. Caselaw has developed in this area based on the recognition that suretyship and

---

[3] Plaintiff has cited two cases in support of its argument that there is a "split of authority on the question as to whether, as a general matter, a surety is subject to the insurance bad faith statute." *See* Pl's Resp. at 4 (citing *Turner Construction Co. v. First Indem. of America Ins. Co.*, 829 F.Supp. 752, 763-64 (E.D. Pa. 1993) and *Reading Tube Corp. v. Employers Insurance of Wausau*, 944 F.Supp. 398 (E.D. Pa. 1996). Although *Turner Construction Co.* and *Reading Tube Corp.* both treated a surety bond as an insurance policy for purposes of § 8371, I find these cases unpersuasive as they fail to meaningfully address the distinction between surety bonds and insurance contracts.

insurance contracts are widely different:

> An insurer and its insured share a direct contractual relationship and the understanding of that relationship is that the insurer will compensate the insured for loss or damage upon proper proof of claim and without resort to litigation . . . But a surety . . share[s] no such direct contractual relationship and no such promise of prompt, expeditious payment.

*Superior Precast, Inc. v. Safeco Ins. Co. of America*, 71 F.Supp.2d 438, 451-52 (E.D. Pa. 1999). Here, USSC assumed the role of the contractor in order to complete the required work. *See* Compl. at Ex. "A" The relationship between USSC and the township may have turned into a direct contractual relationship per the takeover agreement, but USSC never assumed the role of insurer. Indeed, the takeover agreement specifies that "nothing in this Agreement shall extend or increase . . the liabilities or obligations of the Surety." *Id*. at ¶ 16. As USSC is not an insurer, it is not subject to a bad faith claim.

## III. CONCLUSION

Defendant's motion to dismiss Plaintiff's bad faith claim will be granted as Count III fails to state a claim upon which relief can be granted. An appropriate order follows.