# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHARLESTOWN TOWNSHIP** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **UNITED STATES SURETY COMPANY** | : | No. 17-5469 |

## MEMORANDUM

**DITTER, J.**                                                                                                                             August 22 , 2018

Plaintiff Charlestown Township alleges a breach of contract against Defendant United States Surety Company ("USSC") for its failure to comply with contractual terms related to a construction project. Plaintiff also seeks declaratory judgment.[1] USSC has filed a counterclaim asserting a violation of the Prompt Payment Act ("PPA"), 62 Pa. C.S.A. § 3901, and breach of contract. Before me is Plaintiff's motion to dismiss Defendant's counterclaim for violation of the PPA (Counterclaim Count I) alone. For the reasons to be discussed, Plaintiff's motion will be granted.

## I.     FACTS AND PROCEDURAL BACKGROUND [2]

On August 15, 2015, Charlestown Township contracted with Out of Site Infrastructure, Inc., to perform work at a project in Phoenixville, Pennsylvania. In connection with this construction contract, USSC provided a performance bond and a payment bond, each in the amount of $1,143,000. The construction contract specified that

---

[1] On May 2, 2018, I dismissed Plaintiff's bad faith claim (Count III) with prejudice.

[2] When I reviewed this motion to dismiss, I accepted as true the factual allegations it contained and all reasonable inferences drawn therefrom but viewed those facts in the light most favorable to the defendant.

the contractor was to complete work on the project no later than May 13, 2016. On May 24, 2016, the township issued a letter declaring the contractor in default and terminating the contractor's employment.

A takeover agreement was signed by the township and USSC on August 29, 2016, that set forth a schedule for the completion of the remaining work and a schedule for payment as the work was completed. USSC hired a contractor.

In early December 2016, the township's design professionals sent USSC's contractor a punch list of work that needed to be completed. USSC responded to the list noting that: some items were complete; some items would be addressed on an unspecified future date; and others were either not required by the takeover agreement or the responsibility of another subcontractor who would address those items with the township directly.

Toward the end of December, USSC submitted to the township Payment Application No. 13 claiming that all of the work required by the takeover agreement was now finished. Contending that the work had not been completed, the township rejected the request for payment.

By letter in mid-January 2017, the township advised USSC that the project was still not complete and that back charges were due to the township under the takeover agreement and construction contract. Over the next nine months, the parties went back and forth regarding construction progress and alleged inadequacies.

2

On September 12, 2017, USSC once again reported that work had been completed and requested payment in full. On September 19, 2017, the township advised USSC that the project remained incomplete. Charlestown filed the underlying action on November 17, 2017,[3] and USSC filed its counterclaim on May 22, 2018.

## II. DISCUSSION

Under Rule 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief can be granted. Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief;" however, the Supreme Court has stated that there must be "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The same rules apply to a counterclaim.

### A. Prompt Payment Act

Count I of Defendant's Counterclaim is based on Pennsylvania's PPA, 62 Pa. C.S.A.§ *3901* et. sec., which provides a step by step process for contractors and with governmental entities with whom they deal.

Section 3931 of Act, entitles a contractor who performs "in accordance with the provisions of a [public] contract" to prompt payment by the government agency.[4]

---

[3] This case was originally filed in the Chester County Court of Common Pleas, but was removed to this court on December 5, 2017.

[4] The contract at issue is a public contract thus subject to the procurement code. *See* 62 Pa.C.S.A. § 3901-3942.

Notwithstanding, a "government agency may withhold payment for deficiency items according to the terms of the contract." 62 Pa .C.S.A § 3934. "If a government agency withholds payment from a contractor for a deficiency item, it shall notify the contractor of the deficiency item within the time period specified in the [public] contract or 15 calendar days of the date that the application for payment is received." 62 Pa. C.S.A. § 3934(b).

USSC asserts that the township improperly withheld payment of its final request, Payment Application No. 13, in violation of the PPA. USSC maintains that any documentation setting forth a basis for withholding payment should have been identified by the township within 15 days, or no later than January 4, 2017. Going on, USSC contends that the township's failure to issue a timely notice of payment-withholding established three things: 1) any objection based upon a work-deficiency or incomplete items was waived; 2) Payment Application No. 13 was deemed accepted; and 3) it was deemed to have been certified for payment.

The township counters that the PPA is only applicable when a point at issue is not covered by a contract between the parties and that is not the case here. Rather, the takeover agreement incorporates the original construction contract and the parties had to look to its terms to determine the proper procedure for making and obtaining final payment.

Under those terms, final payment to a contractor would not be tendered until the procedure dictated by § 1.7 of the original contract had been followed. Section 1.7

4

requires that at least ten days prior to completion, the contractor is to submit to the township's architect a request for a final inspection of the project. When the architect is satisfied that construction has been completed, he will issue a Final Payment Certificate.

Section 5.2 of the construction agreement provides that once the work is completed and the architect's final Certificate for Payment had been issued, final payment would follow within 30 days.

Thus, in order to obtain final payment, USSC was required by the construction contract to have submitted a written request for final inspection to the township's architect and to have the architect's Certificate for Payment. USSC failed to follow these necessary steps and as a result the architect did not issue a final Certificate for Payment. Without this certification in hand, the township was not able to make payment.

I agree with the township. The construction contract, not the PPA is controlling. The contract terms were not followed so payment was not required. In short, USSC took the wrong fork in the road and at the right time, wound up at the wrong place.

III.  **CONCLUSION**

Plaintiff's motion to dismiss Counterclaim Count I, Defendant's prompt payment claim, will be granted as fails to state a claim that would entitle Defendant to relief.

An appropriate order follows.