# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLESTOWN TOWNSHIP, | : | |
| *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 17-5469 |
| | : | |
| UNITED STATES SURETY COMPANY, | : | |
| *Defendant*. | : | |

## MEMORANDUM

**JONES, II   J.**                                                                                    **FEBRUARY 22, 2019**

Plaintiff Charlestown Township ("Charlestown Township") brings this breach of contract and declaratory judgment action against Defendant United States Surety Company ("USSC") for USSC's alleged failure to comply with the terms of a Takeover Agreement entered by Charlestown Township and USSC (collectively, the "Parties") on August 29, 2016.  (ECF No. 1, ¶ 20; ECF No. 9, Counterclaim, ¶ 3).  In response, USSC filed counterclaims asserting a breach of contract claim and violation of the Prompt Payment Act, 62 Pa. C.S.A. § 3901, *et seq*. (2018) (the "PPA").

Presently before the Court is USSC's Motion to Amend/Correct (the "Motion for Reconsideration") the August 22, 2018 Memorandum and Order ("August 22nd Order") granting Charlestown Township's Motion to Dismiss USSC's Counterclaim Count I for violation of the PPA (the "Motion to Dismiss").  (ECF Nos. 13, 14, 16).  USSC contends that the August 22nd Order improperly applies the standard governing motions to dismiss counterclaims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  For the reasons set forth below, USSC's Motion for Reconsideration will be granted, in part, and denied, in part.  The Court will uphold the dismissal of Counterclaim Count I for failure to state a claim but will do so without prejudice

1

and with leave to amend.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. Procedural History and the August 22, 2018 Order

Given the posture of this case, a brief procedural recitation is appropriate before outlining the facts relevant to the pending motion.

On November 17, 2017, Charlestown Township filed its breach of contract and declaratory judgment action in the Chester County Court of Common Pleas. (ECF No. 1, Ex. A [hereinafter, the "Compl."]). USSC then removed the matter on December 5, 2017. (ECF No. 1). The Parties commenced motion practice, beginning on December 11, 2017, with USSC's Motion to Dismiss Count III of Charlestown Township's Complaint for failure to state a claim of Insurance Bad Faith. (ECF No. 4). Prior to the resolution of that motion, this matter was reassigned from the Honorable John R. Padova to the Honorable J. William Ditter, Jr. (ECF No. 6). On May 2, 2018, the Honorable J. William Ditter, Jr. granted USSC's motion and dismissed Count III of the Complaint with prejudice. (ECF No. 8).

On May 22, 2018, USSC filed its Answer, Affirmative Defenses, and Counterclaim. (ECF No. 9). In response, Charlestown Township filed a Motion to Dismiss Counterclaim Count I for purported violations of the PPA. (ECF No. 10). On August 22, 2018, by Memorandum and Order, the Honorable J. William Ditter, Jr. granted USSC's Motion to Dismiss with prejudice. (ECF Nos. 13, 14). The matter was then transferred to this Court on August 29, 2018. (ECF No. 15). On September 10, 2018, USSC timely filed the instant Motion for Reconsideration pursuant to Rule 59(e), alleging four errors with the August 22nd Order. (ECF No. 16).

USSC incorporated its Answer and Affirmative Defenses into its Counterclaim, however none of those fully explain the contracts governing this issue, the events leading up to the instant

lawsuit, or the relevance of the PPA. Consequently, the factual recitation below will in turn address the Takeover Agreement, Charlestown Township's allegations, USSC's allegations, and then the PPA. As stated more fully in the Standard of Review section, as the non-moving party, USSC's well-pled factual allegations in its Counterclaim, and all inferences therefrom, are owed the deference of truth. Consequently, the inclusion of allegations from Charlestown Township's Complaint is solely for context.

### B. The Takeover Agreement and Construction Contract

In July 2015, Charlestown Township engaged in a sealed competitive bidding process for work to be completed in Phoenixville, Pennsylvania (the "Project"). (ECF No. 10-6, p. 9). Out of Site won the bid and agreed to complete the Project for the Contract Sum of $1,143,000.00. (*See* ECF No. 10-5, § 4.1). Charlestown Township and Out of Site then executed the "Construction Contract," comprised, in part, of: AIA Document A101-2007 ("A101-2007") (referred to therein as the "Agreement" [*see* Article I, § 9.1.1]), AIA Document A201-2007 ("A201-2007") (adopted in A101-2007 by reference [*see* A101-2007, p. 1; A101-2007 § 9.1.1] and referred to as the "General Conditions"), and a Project Manual (attached as Exhibit A to A101-2007) [*see* A101-2007 § 9.1.3]).[1] (*Compare* Compl., ¶¶ 7-8, 16, *with* ECF No. 9, ¶¶ 7-8, 16; *see also* ECF No. 10-4; ECF No. 10-5; ECF No. 16-4, § 1.1.2).

The Construction Contract required USSC, as Surety, to execute a Performance Bond and Payment Bond, each in the amount of $1,143,000.00. (ECF No. 10-4, I(2.)). After Out of Site Infrastructure failed to complete the Project as required by § 3.3 of the Construction Contract,

---

[1] The Construction Contract also includes: certain drawings (attached as Section 00-0115 of the Project Manual [*see* A101-2007 § 9.1.5]) and the Performance Bond, Payment Bond, Minimum Wage Determination Documents, Invitation to Bidders, Non-Collusion Affidavit, Form of Proposal, and Bid Bond (*see* A101-2007 § 9.1.7). (*Compare* Compl., ¶¶ 7-8, 16, *with* ECF No. 9, ¶¶ 7-8, 16; *see also* ECF No. 10-4; ECF No. 10-5; ECF No. 16-4, § 1.1.2).

Charlestown Township and USSC executed a "Takeover Agreement" on August 29, 2016, wherein USSC agreed to "perform and complete the Construction Contract . . . pursuant to Section 5.2 of the Performance Bond." (ECF No. 10-4, I(5.), (6.)).

The Takeover Agreement sets forth the terms and conditions governing USSC's completion of the "Remaining Work" under the Construction Contract and the manner of payment for said work by Charlestown Township. (*See e.g.*, ECF No. 10-4, Introduction; ECF No. 10-4, II(3.), (7.), (12.), (14.)). Those terms and conditions include, in pertinent part, the following:

> 3. <u>Remaining Work</u>. The remaining work to be completed under the Construction Contract is reflected as (1) incomplete work, (2) any latent defects in the work performed by the Contractor, and (3) such extra work as is agreed upon by the Owner and Surety, or as Owner may otherwise require Surety to perform pursuant to the Construction Contract . . .
>
> 7. <u>Surety to Perform Remaining Work</u>. Surety shall be responsible for completion of the Remaining Work in conformance with the terms and conditions of the Construction Contract.
>
> 12. <u>Payments to Surety</u>. The Gross Contract Balance shall be paid to Surety as it completes the Remaining Work in accordance with the terms and conditions of the Construction Contract. Payment of the Contract Balance shall be subject to the withholding by the Owner [Charlestown Township] of any amounts that may be withheld pursuant to the Construction Contract or Pennsylvania law.
>
> 14. <u>Payment Requisitions</u>. Surety shall submit to Owner [Charlestown Township] whatever information or documentation is required regarding the work performed under the Construction Contract, and stored materials, to conform to and support the requisition process and schedule established under the Construction Contract.

(*Id.*).

The Parties agreed that the Takeover Agreement would not only be governed by Pennsylvania law, but also would be subject to the terms and conditions in the Construction

Contract, which was incorporated by reference and attached as Exhibit A[2] to the Takeover Agreement. (ECF No. 10-4, I(1.); ECF No. 10-4, II(21.).). As set forth in the foregoing excerpted sections of the Takeover Agreement, these terms and conditions concerned both the completion of the Remaining Work and payment for that work to USSC.

With respect to payments, document A101-2007 of the Construction Contract provides for Progress Payments (§ 5.1) and a Final Payment (§ 5.2). (ECF No. 10-5, p. 3). Progress Payments were to be paid by the Owner no later than thirty (30) days after the Architect received an Application for Payment, though said payment may be due at an earlier point if the Architect received the Application for Payment prior to the 24th day of the month. (*Id.*). Final Payment was to be paid upon the full performance of the Contract as set forth in § 5.2.1 and issuance of a final Certificate for Payment by the Architect. (*Id.*). Additional detail about the issuance of Progress Payments and a Final Payment is set forth in § 1.7 of the Project Manual and the General Conditions, A201-2007, which are incorporated by reference into §§ 5.1 and 5.2.

### C. Charlestown Township's Allegations

Beginning on December 1, 2016, Charlestown Township began corresponding with USSC's contractor regarding outstanding deficiency items related to the Project. (Compl., ¶ 31). On December 23, 2016, USSC informed Charlestown Township that the project was complete and requested payment. (Compl., ¶¶ 25, 34). Charlestown Township rejected USSC's request due to the remaining outstanding deficiency items set forth in its December 1st correspondence. (ECF No. 10-4, ¶¶ 26, 34-35). On January 23, 2017, Charlestown Township contacted USSC again, informing it that the Project was still not complete, and several deficiency items needed to be addressed. (ECF No. 10-4, ¶¶ 36-37). USSC acknowledged the correspondence but did not

---

[2] Neither Charlestown Township nor USSC filed a complete copy of the Takeover Agreement with the attached exhibits referenced therein.

address Charlestown Township's concerns. (Compl., ¶¶ 37-41). Rather, USSC maintained that it had completed the Project and was owed payment in full. (Compl., ¶ 41). The Parties went back and forth about the completion of the Remaining Work and USSC's entitlement to payment until Charlestown Township filed the Complaint. (Compl., ¶¶ 37-54).

**D. USSC's Allegations**

On December 20, 2016 "USSC submitted Pay Application No. 13 to the Township reflecting 100% completion of all work to be performed under the Takeover Agreement." (ECF No. 9, Counterclaim ¶ 6). USSC did not receive payment for its completion of the Remaining Work after submitting Pay Application No. 13.[3] (ECF No. 9, Counterclaim ¶ 6). Afterwards, the Township authored several letters to USSC related to the Project and attempts to avoid litigation through settlement negotiations. (*See* ECF No. 9, ¶¶ 37, 44-53). USSC maintained that it had completed the Remaining Work in accordance with the Takeover Agreement and that Charlestown Township's failure to render payment to USSC constituted a violation of the PPA. (*Id.*). USSC alleged that the PPA applies to the Takeover Agreement because the Takeover Agreement is governed by Pennsylvania Law, the "Project" is a public project, and Charlestown Township is a "local government unit," as defined in the PPA. (ECF No. 9, Counterclaim ¶¶ 4, 11-12). Consequently, after Charlestown Township filed suit, USSC filed a Counterclaim with its Answer and Affirmative Defenses, alleging that Charlestown Township breached the Takeover Agreement and failed to pay USSC in accordance with the PPA.

---

[3] USSC never expressly states in its Answer, Affirmative Defenses, or Counterclaim that Pay Application No. 13 included a request for payment. (*See* ECF No. 9). However, in its denial of Charlestown Township's allegation that USSC requested payment on December 20, 2016 after having completed the Remaining Work on the Project, USSC states: "Absent the Township taking the statutory action mandated by the PPA in order for the Township to withhold monies which were the subject of Pay Application No. 13 . . . the Township waived all potential deficiencies in the work and all monies which were the subject of the application became due and owing USSC [sic] by operation of law." (ECF No. 9, ¶¶ 25, 34).

6

E.  **The Prompt Payment Act**

The PPA "applies to contracts entered into by a government agency through competitive sealed bidding or competitive sealed proposals." 62 Pa. C.S. A. § 3901(a). Government agencies covered by the PPA include local government units such as townships. § 3902. Thus, where a government agency has engaged in a competitive sealed bidding process for "a contract exceeding $50,000 for construction," the PPA applies to that contract. Where the PPA governs a contract, "[p]erformance by a contractor in accordance with the provisions of a contract shall entitle the contractor to payment by the government agency." § 3931(a). The government agency shall pay for such performance "in accordance with the contract." § 3932(a).

The PPA permits a government agency to "withhold payment for deficiency items according to the terms of the contract." § 3934(a). However, "[t]he government agency shall pay the contractor according to the provisions of this subchapter for all other items which appear on the application for payment and have been satisfactorily completed." § 3934(a). If payment is withheld for a deficiency item, the government agency must notify the contractor of the deficiency item "within the time period specified in the contract or [fifteen] 15 calendar days of the date that the application for payment is received." § 3934(b).

Where "the contract does not contain a term governing the time for payment, the contractor or design professional" is entitled to payment as set forth in § 3932(b).

## STANDARD OF REVIEW

A.  **Motion to Dismiss**

When reviewing a Rule 12(b)(6) motion, district courts must first separate legal conclusions from factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Legal conclusions should be

discarded, and well-pleaded facts given the deference of truth. *Id.*, at 210-11. The court must then determine whether the well-pled facts state a "plausible claim for relief." *Id.* at 211. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Id.* at 210 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Id.* at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d at 234-35 (3d Cir. 2008). This standard applies to counterclaims as well. *Mifflinburg Telegraph, Inc. v. Criswell*, 80 F. Supp. 3d 566, 569 (M.D. Pa. 2015).

### B. Motion to Alter or Amend a Judgment

Under Rule 59(e), a court may alter or amend a judgment, including a denied motion to dismiss, "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion…; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013). "Because reconsideration of a judgment after its entry is an extraordinary remedy, requests pursuant to these rules are to be granted 'sparingly,' and only when dispositive factual matters or controlling decisions of law were brought to the court's attention but not considered." *United States v. Meehan*, No. 10-713, 2012 WL 12930581, at *1 n.1 (E.D. Pa. Aug. 7, 2012) (*accord Dunkley v. Mellon Inv. Servs.*, 378 Fed. Appx. 169, 172 (3d Cir. 2010).

**DISCUSSION**

The Honorable J. William Ditter, Jr. correctly found that USSC failed to state a claim for relief under the PPA. USSC did not demonstrate an entitlement to payment under the Construction Contract, and therefore, could not plausibly state a claim under the PPA. However, my colleague incorrectly dismissed Counterclaim Count I with prejudice and should have provided USSC leave to amend.

### A. USSC's Claimed Errors with the August 22nd Opinion

USSC identified four errors with the August 22nd Opinion, which it believes individually, and collectively, constitute a clear error of law. First, USSC argues that the Honorable J. William Ditter, Jr. improperly applied the standard governing motions to dismiss under 12(b)(6), because in a footnote he said: "When I reviewed this motion to dismiss, I accepted as true the factual allegations it contained and all reasonable inferences drawn therefrom but viewed those facts in the light most favorable to the defendant." (ECF No. 13, p.1 n.2; ECF No. 16, ¶¶ 4-9). USSC argues that this demonstrates that the wrong standard of review was applied to the Motion to Dismiss. (ECF No. 16, ¶¶ 9, 33, 36). Second, USSC contends that the Honorable J. William Ditter, Jr. failed to convert Charlestown Township's Motion to Dismiss to a motion for summary judgment after relying on contract documents that were outside the universe of reviewable documents. (ECF No. 16, ¶ 16). Third, USSC contends that the Honorable J. William Ditter, Jr. should have reviewed all documents comprising the Construction Contract if he was going to rely on any portion of it. Fourth, and finally, USSC argues that the Honorable J. William Ditter, Jr. improperly found that the payment provisions in the governing contract documents superseded the provisions set forth in the PPA. (ECF No. 16, p. 4(¶ 20), p. 5(¶ 20)).[4]

---

[4] USSC mistakenly repeated numbered paragraphs 20-22 in its Motion for Reconsideration.

**B. The Motion to Dismiss was Reviewed Under the Right Standard**

USSC claims that the Honorable J. William Ditter, Jr. committed clear error by reviewing the Motion to Dismiss under the wrong standard. USSC contends that my colleague relied upon facts in the Complaint and failed to accept as true the well-pled factual allegations in its Counterclaim. USSC points to the use of the term "punch list" in the August 22nd Order as an example of reliance on the factual allegations in the Complaint rather than the Counterclaim. (ECF No. 16, ¶¶ 27-33). USSC then notes that in its Counterclaim it averred: "USSC performed all of its obligations under the Takeover Agreement in a good and workmanlike manner in accordance with the plans and specifications and applicable law." (ECF No. 16, ¶ 24; *see also*, ECF No. 9, ¶ 5). Presumably, USSC cites this as an example of allegations in its Counterclaim not being accepted as true.

I agree with USSC that the August 22nd Opinion contains factual allegations from the Complaint, rather than USSC's Answer, Affirmative Defenses, and Counterclaim, alone. Moreover, I agree that the standard identified by the Honorable J. William Ditter, Jr. in the August 22nd Opinion is the incorrect standard for a plaintiff's motion to dismiss a counterclaim. However, neither constitutes clear error. First, USSC's Answer, Affirmative Defenses, and Counterclaim provide little context about the genesis of this suit. I, like my colleague, also found it necessary to cite to the Complaint to set forth an adequate factual background. Second, although the Honorable J. William Ditter, Jr. *stated* the wrong standard,[5] he did not *apply* the wrong standard when reaching his decision. The Honorable J. William Ditter, Jr. dismissed Counterclaim Count I only after considering the portion of the Construction Documents made a

---

[5] Additionally, although the wrong standard was stated in the beginning of the August 22nd Opinion, (*see* ECF No. 13, p. 1 n.1), it was correctly set forth later in the Discussion section. (*See* ECF No. 13, p. 3).

part of the record at that point, requirements of the PPA, including to §§ 3931(a) and 3934, and USSC's Answer, Affirmative, Defenses, and Counterclaim. He then correctly determined that USSC's Counterclaim Count I failed to state a claim. I agree for several reasons.

First, contrary to USSC's assertions, the PPA does not apply to this case because the "Township is a 'local government unit'" and the "Project is a public project." (ECF No. 9, Counterclaim ¶¶ 11-12). Rather, the PPA applies because: (1) Charlestown Township is a local government unit that is considered a government agency under the PPA; (2) Charlestown Township entered into a covered contract that has a value greater than $50,000; and (3) Charlestown Township entered the Construction Contract through a competitive bidding process. §§ 3901(a), 3902; (*see also* ECF No. 10-6, p. 9; ECF No. 10-5, § 4.1). USSC did not plead that Charlestown Township is a government agency, or that the value of the Construction Contract exceeded $50,000, or that Charlestown Township entered into the Construction Contract via a competitive bidding process. (*See* ECF No. 9).

Second, USSC did not plead whether the Construction Contract contained contract provisions governing payment, or if the PPA's default payment terms should be applied to the alleged payment issue.

Third, USSC did not plead what the conditions precedent to payment under the Construction Contract and/or PPA were and whether they were met. Rather, USSC alleged in relevant part: (1): "The Township has failed to pay USSC in accordance with the Contract" (ECF No. 9, Counterclaim ¶ 14); (2) "USSC performed work in accordance with the provisions of the Contract and is entitled to payment for the same" (ECF No. 9, Counterclaim ¶ 15); (3) "USSC fulfilled all of its contractual obligations under the Takeover Agreement" (ECF No. 9, Counterclaim ¶ 20); and (4) "USSC has satisfied all conditions precedent for payment for the

amounts claimed herein" (ECF No. 9, Counterclaim ¶ 21).

These pleading deficiencies warrant dismissal. USSC could not plausibly state a claim for a violation of the PPA without first demonstrating its entitlement to payment. Pleading an entitlement to relief is not sufficient – USSC had to *show* an entitlement to relief. The majority of USSC's allegations are at best legal conclusions and at worse threadbare recitals of a cause of action under the PPA. *See Fowler*, 578 at 210-11. Moreover, USSC's reliance on § 3932(b) is inapposite as that provision only applies to a covered contract that does not contain payment terms, which is not the case here. The requirements in the PPA, provisions in the Construction Contract detailing the procedure by which USSC would be paid, and dearth of well-pled factual allegations demonstrating USSC's entitlement to payment warranted dismissal of Counterclaim Count I for failure to state a claim.

### C. Conversion not Warranted

USSC next argues that the Honorable J. William Ditter, Jr.'s consideration of documents that were outside of those reviewable at the motion to dismiss posture constitutes clear error. Charlestown Township attached the following documents to its motion to dismiss: (1) the Takeover Agreement, (2) A101-2007, and (3) the Project Manual. (ECF No. 10). USSC argues in its Motion for Reconsideration that the review of these documents required conversion of the motion to dismiss into one for summary judgment. (ECF No. 16, ¶¶ 10-16). That is incorrect.

Rule 12(d) requires a motion to dismiss to be converted to one for summary judgment if a court considers matters outside the pleadings. When reviewing a motion to dismiss, "courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Ben. Guar Corp. v. White Consol. Industries, Inc.*, 988 F.2d 1192, 1196 (3d Cir. 1993). However, as initially held in *Pension*, and reiterated

several times since, a court may also "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Id*. "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss by simply failing to attach a dispositive document on which it relied." *Id*.

Here, USSC cited to the Takeover Agreement in its Counterclaim. (ECF No. 9, Counterclaim ¶ 3). The Takeover Agreement, in turn, states that the "terms and conditions of the Construction Contract for the Project are hereby incorporated by this reference." (ECF No. 10-4, ¶ 1). The Construction Contract includes, in part, A101-2007 and the Project Manual. (*Compare* ECF No. 1, ¶¶ 7-8, 16, *with* ECF No. 9, ¶¶ 7-8, 16; *see also* Ex. A; ECF No. 16-4, § 1.1.2). Accordingly, because there is a judicial admission that the Takeover Agreement formed the contract between the Parties (ECF No. 9, Counterclaim ¶ 3), and the Takeover Agreement must be read in tandem with the Construction Contract, which includes A101-2007 and the Project Manual, the Honorable J. William Ditter, Jr. did not err by relying on those documents without converting the motion into one for summary judgment.[6]

To the extent USSC argues that conversion was warranted because arguments raised in Charlestown Township's motion to dismiss assert matters outside the pleadings, the Third Circuit has held that courts "may consider legal arguments presented in memorandums or briefs and arguments of counsel when deciding a Rule 12(b)(6) motion." *Fastner Systems, Inc. v.*

---

[6] As an aside, I had to cite to A101-2007 and the Project Manual, which were attached to Charlestown Township's Motion to Dismiss, to demonstrate that the PPA applies to its claims:

> In July 2015, Charlestown Township engaged in a sealed competitive bidding process for work to be completed in Phoenixville, Pennsylvania (the "Project"). (ECF No. 10-6, p. 9).[6] Out of Site won the bid and agreed to complete the Project for the Contract Sum of $1,143,000.00. (*See* ECF No. 10-5, § 4.1).

Factual Background and Procedural History, Section B, p. 3, *supra*.

*MBNA America*, 48 Fed. Appx. 418, 420 (3d Cir. 2002) (internal citations omitted).

Accordingly, the Honorable J. William Ditter, Jr. did not err by not converting the motion to dismiss into one for summary judgment.

**D. A Review of the Entire Construction Contract was not Necessary to Dismiss Counterclaim Count I**

The Honorable J. William Ditter Jr. did not err by only relying on those portions of the Construction Contract that were a part of the record when he reviewed the Motion to Dismiss. USSC contends that A201-2007 compliments A101-2007 and therefore should have been reviewed by the Honorable J. William Ditter, Jr. (ECF No. 19, ¶ 22). This argument is without merit.

First, the Construction Contract necessarily includes several documents that compliment A101-2007, as they were incorporated by reference into that document. (*See* p. 3 n.2, *supra*). Yet, USSC does not argue that any documents other than A201-2007 should have been reviewed. Second, and importantly, USSC did not base its entitlement to relief under the PPA on A201-2007. (*See* ECF No. 9). Although, A201-2007 is integral to the Counterclaim because it is a portion of the Construction Contract, it is not the Court's responsibility in a breach of contract case to review all governing documents and identify any potential claims a counterclaimant may have. If USSC believed that § 9.4.1 of A201-2007 showed its entitlement to relief under the PPA, (*see* ECF No. 19, ¶¶ 17-19), USSC should have pled accordingly in its Counterclaim. Moreover, even if USSC had included this provision in its Counterclaim, without more, it still would not have demonstrated an entitlement to payment under the Construction Contract and thereby an ability to state a claim under the PPA.

Consequently, as § 9.4.1 is not "new evidence that was not available when the court granted the motion," *see Wiest*, 710 F.3d at 128, nor a dispositive factual matter that was

previously brought to the court's attention but not considered, *see Meehan*, 2012 WL 12930581, at *1 n.1, the absence of a review of this section does not constitute clear error.

### E. Primacy of the Construction Contract over the PPA

Finally, USSC argues that the Honorable J. William Ditter, Jr. erred in his determination that the provisions of the Construction Contract superseded those in the PPA. It is difficult to discern whether USSC attributes this error to improperly accepting the allegations in the Complaint as true, relying on some, but not all, of the Construction Contract documents, or not affording factual allegations in the Counterclaim the deference of truth. (ECF No. 16, ¶ 44). Regardless, this alleged error is also without merit.

The Honorable J. William Ditter, Jr. did not hold that the Construction Contract superseded the PPA. He found that USSC had not shown an entitlement to payment under the Construction Contract, and therefore, could not plausibly state a claim under the PPA for Charlestown Township's purported failure to pay USSC in accordance with the Construction Contract. Additionally, he found that because the Construction Contract contained payment terms, USSC's reliance on provisions in the PPA relevant to contracts without payment provisions was improper. This Court agrees with and affirms those findings. As such, there was no error – let alone clear error – in the Honorable J. William Ditter Jr.'s analysis of the Construction Contract in light of the PPA.

## **CONCLUSION**

For the foregoing reasons, the Court will uphold the dismissal of Counterclaim Count I for failure to state a claim pursuant to Rule 12(b)(6), and thereby deny USSC's Motion for Reconsideration. However, as a curative amendment is appropriate unless amendment would be futile, *see Berkery v. Wissahickon School Dist. Bd. of Directors*, 628 Fed. Appx. 109, 112 (3d

Cir. 2015), the Court will grant USSC's Motion for Reconsideration, in so far as the Court construes it as requesting leave to amend its Counterclaim.  An appropriate Order follows.

BY THE COURT:


*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II      J.