# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLESTOWN TOWNSHIP, | : | |
|    *Plaintiff*, | : | |
| | : | CIVIL ACTION |
| v. | : | NO. 17-5469 |
| | : | |
| UNITED STATES SURETY COMPANY, | : | |
|    *Defendant*. | : | |

## MEMORANDUM

JONES, II   J.                                                                                                    February 7, 2020

## I.    INTRODUCTION

Plaintiff/Counter-Defendant Charlestown Township ("Plaintiff") filed a breach of contract claim seeking declaratory judgment against Defendant/Counter-Plaintiff United States Surety Company ("Defendant") for its failure to adhere to various contractual terms related to the Parties' construction project.[1] Subsequently, Defendant brought forth its own counterclaims, characterizing Plaintiff as the breaching party and alleging Plaintiff violated the Prompt Payment Act (the "PPA"), 62 Pa. C.S.A. § 3901 *et seq*.[2] Plaintiff then filed the instant Motion to Dismiss Defendant's First Amended Counterclaim (ECF No. 22) [hereinafter Motion] under Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing Defendant failed to state a claim for which relief may be granted in both Counts I and II of Defendant's First Amended Counterclaim (ECF No. 21) [hereinafter Amended Counterclaim]. Defendant filed a Response in Opposition thereto (ECF No. 23) and Plaintiff filed a sur-reply (ECF No. 24).[3] Presently, the question before this Court is

---

[1] The Court assumes the Parties' familiarity with the relevant factual and procedural background.  *See* Court's 2/22/2019 Memorandum and Order (ECF Nos. 19, 20) for a comprehensive recitation of the facts.
[2] On February 22, 2019, this Court issued an extensive Memorandum and Order (ECF Nos. 19, 20) granting in part and denying in part Defendant's Motion to Amend/Correct (ECF No. 16) Judge William Ditter Jr.'s August 22, 2018 Memorandum and Order (ECF Nos. 13, 14), which dismissed Count I of Defendant's Counterclaim with prejudice (ECF No. 9).  This Court granted Defendant leave to amend its counterclaim.
[3] Plaintiff's sur-reply was filed as Plaintiff's Reply in Further Support (ECF No. 24).

whether the pleaded facts in counts I and II of Defendant's Amended Counterclaim constitute a claim for relief plausible enough to withstand Plaintiff's Motion to Dismiss. For the reasons discussed herein, Plaintiff's Motion is denied.

## II. STANDARD OF REVIEW

When reviewing a Rule 12(b)(6) motion to dismiss, district courts must first separate legal conclusions from factual allegations. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Legal conclusions should be discarded, and well-pleaded facts should be given the deference of truth. *Id.* at 210-11. The court must then determine whether the well-pleaded facts state a "plausible claim for relief." *Id.* at 211. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)).

To meet the facial plausibility standard, a complaint's factual content must go beyond simply alleging a plaintiff's entitlement to relief. *Fowler*, 578 F.3d at 211. A complaint "has to 'show' such an entitlement with its facts." *Id.* (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)). As such, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, [will] not suffice." *Iqbal*, 556 U.S. at 678 (internal citation omitted). Counterclaims must also meet the same facial plausibility standard. *Walker Process Equip., Inc. v. Food Mach. & Chem. Corp.*, 382 U.S. 172, 174-75 (1965). Thus, "courts are required to accept all well-pleaded allegations in the [counterclaim] as true and to draw all reasonable inferences in favor of the non-moving party." *Phillips*, 515 F.3d at 231.

## III. DISCUSSION

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a district court must take three steps to determine the sufficiency of the complaint or counterclaim. The court must: (1) identify the elements a party must plead to state a claim; (2) determine whether allegations are merely legal conclusions and are thus not entitled to the assumption of truth; and (3) assume the veracity of well-pleaded factual allegations to determine whether they "plausibly give rise to an entitlement for relief." *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 664). At this early stage of the litigation, the court must only determine whether the non-moving party has sufficiently pled its claims—not whether the non-movant can prove them. *Fowler*, 578 F.3d at 213. The Court addresses each count in Defendant's Amended Counterclaim in turn.

### A. Defendant did not fail to state a claim for payment under the PPA in Count I of its Amended Counterclaim.

This Court finds Defendant did not fail to state a claim for payment under the PPA because Defendant sufficiently pled that it satisfied all four requisite elements to allege such a claim. To bring forth a claim for payment under the PPA, a contractor must show: (1) it completed work for a government agency as defined in the PPA; (2) the parties entered into a covered contract for a value greater than $50,000; (3) the government agency entered the contract through a competitive bidding process; and (4) said government agency failed to pay the contractor for its performance in accordance with the terms of the contract. 62 Pa. C.S.A. §§ 3901(a), 3902, 3934(a).

Under the PPA, "[p]erformance by a contractor in accordance with the provisions of a contract shall entitle the contractor to payment by the government agency." *Id.* § 3931(a). A government agency may only withhold payment from the contractor when the agency identifies "deficiency items" in the contractor's performance, which must be in conformity with the terms

of the contract between the parties. *Id*. § 3934(a). However, even if the government agency concludes deficiencies in the contractor's performance, the agency must still pay the contractor "for all other items which appear on the application for payment and [which] have been satisfactorily completed" by the contractor. *Id.*

If the government agency refuses to pay the contractor for its completed work, the PPA provides a remedy, including penalty interest and attorney's fees, if payments were withheld from the contractor in bad faith and constituting "arbitrary or vexatious behavior." *Id.* § 3935.

> [B]ad faith is explicitly defined as arbitrary or vexatious behavior. In order to ensure that contractors would not bring vexatious suits for violations of this Act, the last sentence of section [3935](a) provides that bad faith could never be found where there is compliance with section [393]4. However, this sentence does not support the conclusion that every violation of section [393]4 would be found to be in bad faith; indeed, if this proposition were true, then the preceding sentence of section [3935](a) would be mere surplusage. In essence, if every technical violation of section [393]4 was deemed to be done in bad faith, there would be no need to find that the contracting body's conduct was undertaken in bad faith.

*ATAP Constr. Inc. v. Liberty Mut. Ins. Co.*, 1998 WL 341931, at *8 n.10 (E.D. Pa. June 25, 1998). As "the imposition of penalty interest and attorney's fees under [the PPA] is committed to the sound discretion of the trial court, which may (but is not required to) award such additional damages[,]" Defendant must plead facts that show arbitrary or vexatious behavior to sufficiently state a claim under the Act. *Cummins v. Atlas R.R. Constr. Co.*, 814 A.2d 742, 749 (Pa. Super. Ct. 2002) (citing 62 Pa. C.S.A. § 3935(a)-(b)).

Plaintiff's Motion asserts Defendant did not satisfy the fourth element required to state a claim for payment under the PPA. Mot. 4 (ECF No. 22-2).[4] In Plaintiff's view, Defendant "undisputedly failed to comply with th[e contractual] terms [for final payment] and, as such

---

[4] The Court uses the pagination associated with the ECF filing stamp.

[Defendant] was not entitled to its final payment until those terms were satisfied."[5] Mot. 5. Plaintiff further contends it withheld final payment from Defendant because Defendant's application for payment was incomplete, as it "did not contain a final Certificate for Payment from the Architect." Mot. 7. "The Certificate for Payment was a required portion of [Defendant]'s completed Application for Payment to [Plaintiff], and a completed Application for Payment was a condition precedent to [Plaintiff]'s obligation to pay out the final payment." Mot. 7.

In its Response in Opposition (ECF No. 23) [hereinafter Response], Defendant maintains it stated a claim for relief under the PPA and adhered to all the requirements of the Construction Contract [hereinafter Contract].[6] Resp. 6 (ECF No. 23-1). Moreover, Defendant alleges it was Plaintiff's agent, the architect, who did not comply with the Contract's terms and whose behavior constituted bad faith. Am. Countercl. ¶¶ 31-34; Resp. 11. Plaintiff rejects Defendant's claim classifying the architect as Plaintiff's agent[7] and further asserts that even if the architect were

---

[5] The terms upon which Defendant is entitled to final payment are detailed in Article 5 of the Construction Contract:

> **§ 5.2.1** Final payment, constituting the entire unpaid balance of the Contract Sum, shall be made by the Owner to the Contractor when
>   **.1**  the Contractor has fully performed the Contract except for the Contractor's responsibilities to correct Work as provided in Section 12.2.2. of AIA Document A201-2007, and to satisfy other requirements, if any, which extend beyond final payment; and
>   **.2**  a final Certificate for Payment has been issued by the Architect.
>
> **§ 5.2.2** The Owner's final payment to the Contractor shall be made no later than 30 days after the issuance of the Architect's final Certificate for Payment.

AIA Document A101-2007, Mot. Ex. B at 5 (ECF No. 22-4).

[6] The Construction Contract is comprised, in part, of: (1) AIA Document A101-2007 (Mot. Ex. B (ECF No. 22-4)) (referred to therein as the "Agreement") [hereinafter Agreement] (*see* Agreement, Article I; Agreement, § 9.1.1); (2) AIA Document A201-2007 (ECF No. 16-4) (adopted by reference in the Agreement and referred to as the "General Conditions") [hereinafter General Conditions] (*see* Agreement 1 (ECF No. 22-4, p. 2); Agreement, § 9.1.1); and (3) a Project Manual (Mot. Ex. C (ECF No. 22-5)) (attached as Exhibit A to the Agreement).

[7] *See* Sur-Reply 2 (ECF No. 24) ("The Architect is an entity that has duties wholly independent from [Plaintiff] under the Construction Contract[.]").

Plaintiff's agent, the Court must still dismiss Defendant's claim because Defendant failed to plead agency in its Amended Counterclaim. Sur-Reply 1-2.

To establish an agency relationship under Pennsylvania law, the "liability of a principal to third parties for the act of an agent must rest on[:] (1) express authority, or that which is directly granted; (2) implied authority, to do all that is proper, usual and necessary to the exercise of the authority actually granted; (3) apparent authority, as where the principal holds one out as agent by words or conduct; [or] (4) agency by estoppel." *Apex Fin. Corp. v. Decker*, 369 A.2d 483, 485 (Pa. Super. Ct. 1976) (internal citation omitted). Here, Defendant alleges the architect "possessed the sole authority under the Contract Documents to conduct the inspection [of Defendant's work], assess the status of the work and notify the Contractor of any items he determined needed to be addressed to bring the Project to final completion."[8] Am. Countercl. ¶ 59. Defendant further contends that any such notification was "required to be issued by the Architect pursuant to Section 9.8.3 of the General Conditions." Am. Countercl. ¶ 60.[9]

The Court finds Section 9.8.3 of the General Conditions represents a granting of express authority to the architect—and such a finding entails Defendant's agency relationship allegation is

---

[8] *See* Am. Countercl. ¶ 55 ("Pursuant to the Contract Documents, however, the Architect was the individual designated to conduct inspections and identify what items—if any—need to be finalized to bring the Park Project to a conclusion.").

[9] Section 9.8 of the General Conditions includes the following:

> **§ 9.8.3** Upon receipt of the Contractor's list, the Architect will make an inspection to determine whether the Work or designated portion thereof is substantially complete. If the Architect's inspection discloses any item, whether or not included on the Contractor's list, which is not sufficiently complete in accordance with the Contract Documents so that the Owner can occupy or utilize the Work or designated portion thereof for its intended use, the Contractor shall, before issuance of the Certificate of Substantial Completion, complete or correct such item upon notification, by the Architect. In such case, the Contractor shall then submit a request for another inspection by the Architect to determine Substantial Completion.

General Conditions, § 9.8.3 (ECF No. 16-4).

adequate enough to withstand a Rule 12(b)(6) motion to dismiss at this early stage of the litigation. Although Plaintiff accurately notes Defendant did not explicitly plead agency in its Amended Counterclaim, the Third Circuit applies a permissive standard for allowing agency claims to survive a motion to dismiss. *See Jurimex Kommerz Transit G.M.B.H. v. Case Corp.*, 65 F. App'x 803, 808 (3d Cir. 2003) (noting that when a dispute arises over an alleged agency relationship, discovery is necessary—"thereby implicitly allowing allegations of agency to survive a facial attack") (quoting *Canavan v. Beneficial Fin. Corp.*, 553 F.2d 860, 865 (3d Cir. 1977)). Given the Third Circuit's permissive standard for alleging an agency relationship and the reasonable inference that the architect was acting as Plaintiff's intermediary for purposes of issuing a certificate of payment to Defendant, this Court finds Defendant has alleged a principal-agent relationship sufficient to survive Plaintiff's Motion to Dismiss.

In addition, this Court finds Defendant satisfactorily demonstrated Plaintiff's decision to withhold payment constitutes "arbitrary or vexatious behavior" within the meaning of the PPA. Under the PPA, if a government agency "withholds payment from a contractor for a deficiency item, said agency shall notify the contractor of the deficiency item within the time period specified in the contract or [within] 15 calendar days of the date that the application for payment is received." 62 Pa. C.S.A. § 3934(b). In addition to notifying the contractor of any deficiency items, the government agency must still pay the contractor for "any item which appears on the application for payment and [which] has been satisfactorily completed." *Id.* § 3934(a).

Defendant asserts it "brought the Project to 100% completion by December 20, 2016." Am. Countercl. ¶ 70. Defendant further claims that despite having completed the project and—

appropriately—submitted a final application for payment,[10] the architect did not notify Defendant of any deficiency items in Defendant's performance, nor did the architect issue a certificate for payment to compensate Defendant for its completed work.[11] Therefore, the architect failed to comply with Section 5.2 of the Contract and the provisions of the PPA. Am. Countercl. ¶¶ 66-74. As the well-pleaded factual allegations in Defendant's counterclaim—and all inferences therefrom—are owed the deference of truth, this Court finds Defendant sufficiently pled Plaintiff's bad faith to state a claim for relief under Section 3935 of the PPA.

### B. Defendant did not fail to state a claim for breach of contract in Count II of its Amended Counterclaim.

This Court finds Defendant did not fail to state a claim for breach of contract in count II of its Amended Counterclaim because Defendant adequately presented Plaintiff as the breaching party. Under Pennsylvania law, "[it] is well established that the failure to make payments when they are due is a material breach of a construction contract which excuses a contractor from further performance." *Eastern Elec. Corp. of New Jersey v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545, 556 (E.D. Pa. 2009) (internal citations omitted). Defendant alleges it "fulfilled all of its contractual obligations" and "satisfied all conditions precedent for payment." Am. Countercl. ¶¶ 78, 79. Defendant further claims it was Plaintiff who failed to meet "its obligations under the Takeover Agreement" when it withheld payment from Defendant for Defendant's completed work. Am. Countercl. ¶¶ 80, 82.

---

[10] *See* Am. Countercl. ¶ 31 ("On December 20, 2016, USSC submitted its payment request via Payment Application No. 13 to the Project Architect and the Township."); *see also* Am. Countercl. Ex. D. (ECF No. 21-4, pp. 4-5).

[11] *See* Am. Countercl. ¶¶ 32-33. "[Defendant] did not receive written notice from the Architect within seven (7) days of the submission of Payment Application No. 13 that any amounts would be withheld as required under Section 9.4.1 of the General Conditions. . . . In fact, [Defendant] has never received any notification from the Project Architect indicating that any portion of Payment Application No. 13 was not approved."

The architect's refusal to certify any amount for payment and his failure to indicate any reason for not approving the amounts listed in the payment application constitute a breach of contract.[12] If the architect thought any amount of payment should be withheld from Defendant, the architect was required to notify Defendant of such.[13] Despite Plaintiff's assertion that it withheld payment due to Defendant's incomplete application for payment, this Court finds Defendant adequately pled its own satisfaction of the conditions precedent to payment under the Contract. As such, Defendant's breach of contract claim states a "plausible claim for relief" and will not be dismissed. *Fowler*, 578 F.3d at 211.

## IV. CONCLUSION

For the foregoing reasons, this Court denies Plaintiff's Motion to Dismiss Defendant's First Amended Counterclaim. An appropriate Order follows.

BY THE COURT:

*/s/ C. Darnell Jones, II*
C. DARNELL JONES, II     J.

---

[12] *See* Am. Countercl. ¶ 73 ("[Plaintiff] elected to ignore Payment Application No. 13, providing no notice and with total disregard of its responsibilities under both the Contract and/or the PPA relative to the withholding of payment.").
[13] *See* Resp. 15 ("Simply stated, [Plaintiff]'s designated agent took no action required under the Contract Documents upon receipt of [Payment Application No.] 13. The failure to take any action is imputed to [Plaintiff] and resulted in both a breach of the Construction Contract and a violation of the PPA.").